**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**RICHARD J. SCHMITZ,**

        Plaintiff,

v.                                                                Case No. 05-C0369

**CANADIAN PACIFIC RAILWAY CO.,**
**d/b/a SOO LINE RAILROAD CO.,**

        Defendant.

## DECISION AND ORDER

Plaintiff Richard Schmitz ("Schmitz") sued his employer, Canadian Pacific Railway Co., d/b/a Soo Line Railroad Co. ("Soo Line"), under the Federal Employers' Liability Act ("FELA") for damages he allegedly suffered on the job. Pending before the Court is Schmitz's motion for partial summary judgment as to the issue of liability.

## BACKGROUND[1]

---

[1] Soo Line failed to file a proper response to Schmitz's proposed findings of fact. Civil Local Rule 56.2(b)(1) requires a respondent to a summary judgment motion to "clearly delineat[e] only those findings to which it is asserted that a genuine issue of material fact exists." Furthermore, the response "must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists." Civil L.R. 56(b)(1).
    Instead of following the Local Rule, Soo Line summarily objected to all of Schmitz's proposed findings of fact as "not material," without contesting each finding by a paragraph number or making specific citations to the record. Because Soo Line did not file a proper response, the Court will accept all of Schmitz's proposed findings of fact as true. *See* Civil Local Rule 56(e).

1

This case centers around an unmarked spiked switch that allegedly caused Schmitz to suffer injuries. A switch is a pair of movable track rails that provides a connection over which train cars can be rolled from one track to another. A spiked switch is a switch with its points held in a fixed position by a spike, usually to prevent a disconnected or damaged switch from being thrown by mistake. Soo Line required that a spiked switch have a tag on it, so as to warn employees not to throw the switch. (Plaintiff's Proposed Finding of Fact ("PPFOF") ¶ 20.)

Sometime in mid-November of 2003, the Soo Line conducted maintenance work on one of its tracks. A switch was spiked to prevent that track from being used while it was being serviced. (Compl. ¶ 11.) The spiked switch was tagged so as to identify that the track was being serviced and that the switch could not be thrown. (*Id*. at ¶ 12.)

At approximately 3:00 p.m. on November 20, 2003, Scott Smith, an employee of Soo Line, removed the tag from the switch. Smith did not, though, remove the spike because he failed to notice that the switch was spiked. (PPFOF ¶¶ 6-9.) Accordingly, when Schmitz started work at 3:00 p.m. on November 20, 2003, the switch remained spiked, but did not have a tag on it. Shortly after Schmitz began his shift, he attempted to throw the spiked switch that did not have a tag on it, which he alleges caused him injuries. (Compl. ¶ 14; PPFOF ¶ 3.)

2

**STANDARD OF REVIEW**

A court will grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A "material fact" is one which, under the relevant substantive law, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact exists if a reasonable juror could find that the evidence supports a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When considering the movant's case, the Court should take all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hall v. Bennett*, 379 F.3d 462, 465 (7th Cir. 2004). If the movant meets his burden (by showing an absence of a genuine issue of material fact), the nonmovant may not rest on the pleadings. Instead, the nonmovant must come forward with evidence that there is a genuine issue for trial that would support a reasonable jury verdict on every issue for which he bears the burden of proof at trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *Celotex Corp.*, 477 U.S. at 322-24. If the nonmoving party bears the burden of proof on a matter at trial, and he is unable "to

3

establish the existence of an element essential to [his] case," summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23.

**DISCUSSION**

The FELA provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. In so providing, "the FELA imposes on railroads a general duty to provide a safe workplace." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996). In a FELA action, the railroad will be held liable if the employer's "negligence played any part, even the slightest, in producing the injury." *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 507 (1957). Also, the "violation of a statute or regulation . . . automatically constitutes breach of the employer's duty and negligence *per se* and will result in liability if the violation contributed in fact to the plaintiff's injury." *Walden v. Ill. Central Gulf R.R.*, 975 F.2d 361, 364 (7th Cir. 1992).

The Court must answer two question in deciding Schmitz's motion for partial summary judgment. First, whether Soo Line was negligent *per se* when Smith took the tag off a spiked switch. Second, if the Soo Line was negligent *per se*, the Court must determine whether the negligent act caused Schmitz's injuries.

As for the first issue, Schmitz argues that the Soo Line violated its own, internal safety rule, which was incorporated into the federal regulations. Specifically, Canadian Pacific

4

Rule 21.2.1 provides that "each switch must be properly tagged" when it is locked by a spike. Schmitz argues that Soo Line's internal safety rule is incorporated as a federal regulation in 49 C.F.R. §§ 214.313 & 214.311. Section 214.313(a) states that "[e]ach roadway worker is responsible for following the on track safety rules of the railroad upon which the roadway worker is located." Section 214.311(a) states that the employer, in turn, must ensure that its employees follow its safety rules: "Each employer is responsible for the understanding and compliance by its employees with its rules and the requirements of this part."

The Court agrees with Schmitz. While neither party cites a case that address the issue, the plain text of Sections 214.311 and 214.313 are clear. They mandate that railroads and their roadway workers comply with their own safety rules. Given that Soo Line's internal safety rule mandates that a spiked switch be properly tagged, and given that Smith, acting on behalf of Soo Line, removed a tag from a spiked switch, the Court must find that Soo Line is negligent *per se*.

However, as for the second question regarding causation, the Court could not possibly find, based on the record before it, that the unmarked spiked switch caused Schmitz's injury. In none of its proposed findings of fact does Schmitz identify the nature of his injury, how operating a spiked switch would cause an injury, or any medical evaluations finding that Schmitz's attempt to throw the spiked switch caused him any injury. Furthermore, Soo Line introduces a report of Dr. David Haskell, an orthopedic surgeon, who opined that Schmitz's "symptoms of degenerative facet disease and degenerative disc disease became manifest

5

during the course of his normal employment and was neither caused by, aggravated by nor accelerated by his employment, specifically on 11-20-03." (Frazier Aff. ¶ 2, Ex. A.) Schmitz provides no evidence at all that counters the opinion of Dr. Haskell. Accordingly, the Court will not grant summary judgment as to causation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Schmitz's Motion for Partial Summary Judgment (Docket No. 19) is **GRANTED**, in part, and **DENIED**, in part. Soo Line is, as a matter of law, negligent *per se*. However, there is an issue of material fact as to whether Soo Line's negligence caused Schmitz's injury.

Dated at Milwaukee, Wisconsin this 4th day of December, 2006.

                                         **BY THE COURT**

                                         s/ Rudolph T. Randa
                                         **Hon. Rudolph T. Randa**
                                         **Chief Judge**